IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS STEVENS                                                                                          PLAINTIFF

v.                                        Civil No. 6:12-CV-06027

DAVID ROBERT WARE and
DREAM YOUNG                                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Marcus Stevens proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff is not currently incarcerated, but he was incarcerated at the Arkansas Department of Correction ("ADC"), Ouachita River Unit in Malvern, Arkansas at the time of the events at issue in this lawsuit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is a Motion for Summary Judgment filed by Defendants Ware and Young.  ECF No. 49.  On June 23, 2014, Plaintiff responded to this Motion.  ECF No. 55.  This matter is now ripe for consideration.  Upon review, and based upon the following analysis, the Court recommends this Motion for Summary Judgment (ECF No. 49) be **GRANTED.**

1.   **Background:**

On February 13, 2012, Plaintiff filed his Complaint in this matter.  ECF No. 1.  In this Complaint, he alleges that on April 8, 2011, he fell "onto a trailer" and "cut open" his stomach on the side of the trailer.  ECF No. 2 at 5.  As a result of this fall, he claims he was injured, and Defendants Ware and Young are liable because they "failed to do complete/thorough exam by not

1

giving me an ultra-sound or any exam for internal injuries." *Id.* at 6. Apart from Defendants Ware and Young, all remaining Defendants have been dismissed from this lawsuit. *See* ECF No. 41. Thus, this report and recommendation will only address the claims against Defendants Ware and Young.

On February 28, 2014, Defendants Ware and Young filed the current Motion for Summary Judgment. ECF No. 49. With this Motion, they claim Plaintiff's case against them must be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. *Id.* In support of their Motion, they provided the Declaration of Shelly Byers, the ADC Medical Grievance Coordinator. ECF No. 51-1. Attached to Ms. Byers's Declaration are the following: (1) the rules governing the ADC's inmate grievance procedure; (2) a list of grievances Plaintiff filed as an inmate; and (3) Plaintiff's grievance OR-12-00160 and related documentation. *Id.*

On June 23, 2014, through a court-supplied questionnaire, Plaintiff responded to this Motion. ECF No. 55. In this response, Plaintiff does not dispute the claim by Defendants Ware and Young that he did not fully exhaust his administrative remedies prior to filing this lawsuit. *See id.* at 8.

**2.   Applicable Law:**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact

2

and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).

**3.     Discussion:**

Because Plaintiff did not exhaust his administrative remedies as to Defendants Ware and Young prior to filing this lawsuit against them, all claims against Defendants Ware and Young should be dismissed.

As an initial matter, the requirement of administrative exhaustion in a prisoner Section 1983 action is well-established. *See* 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

The ADC's grievance procedure supplies the standard for determining whether Plaintiff has properly exhausted his administrative remedies. *See Jones v. Bock,* 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements . . . that define the boundaries of proper exhaustion"). As Defendants Ware and Young have provided in support of their Motion, the ADC has a grievance procedure in place and available to inmates incarcerated within the ADC. ECF No. 51 ¶ 2. This policy requires inmates to be specific as to the personnel involved in the

alleged misconduct. *Id.* It advises inmates they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a lawsuit. *Id.* Specifically, as to medical grievances, exhaustion is accomplished by first challenging the care provided by the medical personnel. *Id.* ¶ 4. Once the medical personnel responds, the inmate can then appeal to the Deputy Director's Office. *Id.* Once the Deputy Director responds to the inmate, the administrative remedies have been exhausted. *Id.*

In the present action, on January 31, 2012, Plaintiff filed grievance OR-12-00160 complaining about his medical care.[1] ECF No. 51-1 at 22. According to the declaration of Ms. Byers, Defendant Young responded to this grievance on March 14, 2012. ECF No. 51-1 at 23. Plaintiff appealed this response on March 18, 2012, and the director's office found that appeal was not merited on June 5, 2012. *Id.* at 24. Thus, pursuant to the ADC's grievance procedures, Plaintiff's grievance OR-12-00160 was not exhausted until the director's office responded to his appeal on June 5, 2012.

Plaintiff filed this lawsuit on February 13, 2012. ECF No. 1. Plaintiff's administrative remedies were not exhausted until June 5, 2012. ECF No. 51-1 at 24. This administrative exhaustion occurred approximately four months *after* he filed his lawsuit. Accordingly, pursuant to 42 U.S.C. § 1997e(a), because Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit, Plaintiff cannot proceed. ("No action shall be brought with respect to prison conditions

---

[1] This is the first grievance wherein Plaintiff alleged he received insufficient medical treatment after his April of 2011 accident. Notably, Plaintiff also filed a grievance on May 16, 2011 related to the April of 2011 accident, OR-11-00357. *See* ECF No. 7 at 3-5. Grievance OR-11-00357, however, was only related to an *alleged defect* in the trailer. *Id.* In grievance OR-11-00357, Plaintiff did not complain of any allegedly negligent medical treatment. *See* ECF No. 55 at 8 ("16. As stated in question 5, you did not complain about your medical treatment/care in grievance OR11-00357." Answer: "Agree."). Thus, grievance OR-12-00160 is the first grievance related to his allegedly insufficient medical care.

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

**4.    Conclusion:**

Based upon the foregoing, because Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit, the Court recommends the Motion for Summary Judgment filed by Defendants Ware and Young be **GRANTED**, and all claims against them be dismissed without prejudice. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.,* 155 F.3d 976, 978 (8th Cir. 1998) (finding dismissal for failure to exhaust administrative remedies should be without prejudice).

**The Parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 7th day of August 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE